[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 22, 2008
THOMAS K. KAHN
CLERK

No. 07-15146
Non-Argument Calendar
_____

D. C. Docket No. 07-00214-CR-7-LSC-HGD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TYRONE BILLUPS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(October 22, 2008)

Before BIRCH, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Tyrone Billups appeals his 70-month sentence for possession of a firearm by an

unlawful user of controlled substances, in violation of 18 U.S.C. § 922(g)(3).  On

appeal, Billups argues that the district court erred because it: (1) failed to provide him with notice of its intent to impose a sentence above the sentencing guidelines range; and (2) failed to identify the specific § 3553(a) factors justifying an above-guidelines sentence. We AFFIRM.

## I. BACKGROUND

Billups pled guilty to one count of possession of a firearm by an unlawful user of controlled substances, 18 U.S.C. § 922(g)(3).[1] In July of 2004, police officers responded to a domestic disturbance call at the residence of Tiffany Williams, who told the officers that Billups was in her apartment with a gun. During a pat-down search, one of the officers found a plastic baggie containing a small amount of marijuana in the pocket of Billups's pants. Williams led the officer to a rear bedroom where he uncovered a Mossberg .12 gauge shotgun and a second baggie of marijuana nearby. In total, the officer retrieved approximately 5.72 grams of marijuana and 0.34 grams of crack cocaine. In a post-arrest interview, Billups admitted to smoking crack cocaine but denied selling drugs.

---

[1] Billups's plea agreement contained a sentence appeal waiver in which he waived his right to appeal his conviction or sentence except on the grounds that the sentence was in excess of the statutory maximum or constituted an upward departure from the advisory guideline sentencing range. We nevertheless address the merits because the government has not invoked the sentence appeal waiver or otherwise objected to the filing of this appeal and has briefed the case on the merits, and because the outcome would be the same even if the appeal waiver were applied in this case. See United States v. Valnor, 451 F.3d 744, 745 n.1 (11th Cir. 2006).

The probation officer who prepared the pre-sentencing investigation report ("PSI") found that Billups was a "prohibited person" at the time of the offense and calculated a base offense level of 14. See U.S.S.G. § 2K2.1(a)(6) (May 1, 2007); 18 U.S.C. § 922(g)(3). The probation officer applied a four-level enhancement pursuant to § 2K2.1(b)(6) because Billups possessed the firearm in connection with the felony offense of possession of cocaine base, and a three-level reduction for acceptance of responsibility pursuant to § 3E1.1(a) and (b), resulting in a total adjusted offense level of 15. Based on nine criminal history points, Billups's criminal history category was set at IV.[2] With a base offense level of 15 and a criminal history category of IV, Billups's sentencing guidelines range was determined to be 30-37 months.

The sentencing court adopted the probation officer's factual findings and calculations, to which neither Billups nor the government objected, and sentenced Billups to 70 months of imprisonment. At sentencing, the district court noted "the consistency of [Billups's] criminal conduct" and stated that an above-guidelines sentence was "appropriate" because it addressed "the need to afford or to reflect the seriousness of this offense and to afford adequate deterrence from criminal

---

[2] Billups received criminal history points based on prior state convictions for: (1) first-degree burglary; (2) possession of marijuana, resisting arrest, and speeding; (3) possession of crack cocaine; and (4) bribing a witness.

3

conduct and to protect the public from further crimes of this defendant." R3 at 8, 13. Billups now appeals his sentence.

## II. DISCUSSION

Billups raises two issues on appeal. He argues first that the district court erred in failing to provide notice of its intent to impose a sentence above the advisory sentencing range. He contends additionally that the district court erred in failing to identify the specific factors in 18 U.S.C. § 3553(a) warranting an above-guidelines sentence. We address Billups's arguments in turn.

**A.**    **Whether the District Court Erred in Failing to Provide Notice of Intent to Impose a Sentence Above the Advisory Guidelines Range**

Because Billups did not raise this objection in the district court, our review is for plain error only. See United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005). Under this standard, we will not reverse the district court unless "(1) there is an error; (2) the error is plain; (3) the error affects the defendant's substantial rights in that it was prejudicial and not harmless; and (4) the error seriously affects the fairness, integrity or public reputation of a judicial proceeding." United States v. Prieto, 232 F.3d 816, 819 (11th Cir. 2000).

A district court is required to give reasonable notice to the defendant before it may depart from the advisory sentencing range on grounds not identified for departure in the PSI or other pre-sentencing submissions. Fed. R. Crim. P. 32(h).

4

We have held that this notice requirement does not apply to variances, however, because "[a]fter Booker, parties are inherently on notice that the sentencing guidelines range is advisory and that the district court must consider the factors expressly set out in section 3553(a) when selecting a reasonable sentence between the statutory minimum and maximum." United States v. Irizarry, 458 F.3d 1208, 1211-12 (11th Cir. 2006) (per curiam), aff'd Irizarry v. United States, 553 U.S. ___, 128 S. Ct. 2198 (2008). Whether Billups was entitled to notice before receiving an above-guidelines sentence thus depends upon whether his sentence was a departure or a variance.

We have held that an above-guidelines sentence is a variance under § 3553 rather than a guidelines departure where a district court, after correctly calculating the advisory guidelines range and considering the adequacy of the range in light of the § 3553(a) factors, "exercise[s] its post-Booker discretion to impose a reasonable sentence outside the sentencing guidelines range." Irizarry, 458 F.3d at 1211-12; see United States v. Eldick, 443 F.3d 783, 788 n.2 (11th Cir. 2006) (per curiam) (noting that the sentencing court treated its decision to impose an above-guidelines sentence as an exercise of discretion where it did not invoke a specific guidelines departure provision and stated that the guidelines were inadequate to address the severity of the offense).

5

We find that Billups's sentence was a discretionary variance and not a guidelines departure. The district court correctly calculated the advisory guidelines range, considered the § 3553 factors, and determined that the guidelines range did not adequately address the seriousness of the offense, the need for deterrence, or the need to protect the public from Billups's future crimes. Because the district court was not required to give Billups advance notice before imposing a sentence above the advisory guidelines range, no error, plain or otherwise, has been shown.

**B.** **Whether the District Court Adequately Explained Its Reasons For Imposing a Sentence Above the Advisory Guidelines Range**

Finally, Billups asserts error in the district court's failure to identify the specific § 3553(a) justifying the upward variance. We review a final sentence for reasonableness under a deferential abuse-of-discretion standard. See Gall v. United States, — U.S. — ,128 S. Ct. 586, 594, 598 (2007). A sentence may be procedurally or substantively unreasonable. See United States v. Hunt, 459 F.3d 1180, 1182 n. 3 (11th Cir. 2006). Whether the district court adequately identified the reasons for a variance is one aspect of the procedural reasonableness analysis. See Gall, 128 S. Ct. at 597 (holding that we "must first ensure that the district court committed no significant procedural error, such as . . . failing to consider the § 3553(a) factors, . . . or failing to adequately explain the chosen sentence").

While the district court must consider the § 3553(a) factors, it is not required to state explicitly on the record that it has done so, nor is it required to discuss each of the § 3553(a) factors.[3] See United States v. Scott, 426 F.3d 1324, 1329-30 (11th Cir. 2005). Rather, "an acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient under Booker." United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005) (per curiam); see also United States v. Ellisor, 522 F.3d 1255, 1278 (11th Cir. 2008) ("We have rejected the notion that a district court must 'recite a laundry list of the § 3553(a) factors' in order to evince the reasonableness of its sentence.") (citation omitted).

The transcript of Billups's sentencing hearing reflects that the district court properly considered the § 3553(a) factors. The sentencing court correctly calculated the guidelines range and stated that, in considering the § 3553(a) factors, it found particularly important "the need to afford or to reflect the seriousness of this offense and to afford adequate deterrence from criminal conduct and to protect the public from further crimes of this defendant, who, it appears to me, just doesn't

---

[3] The § 3553(a) factors the court must consider are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to the victims. 18 U.S.C. § 3553(a)(1)-(7).

see any reason to stop his criminal conduct. He is repeatedly just committing offenses . . . [a]nd [ ] it's important that this sentence reflect that[.]" R3 at 8. The sentencing court further explained that an above-guidelines sentence was "appropriate considering the factors [ ] just discussed" and in light of the "consistency of [Billups's] criminal conduct." Id. at 9, 13. We are thus satisfied that the court adequately considered the § 3553(a) factors and that Billups's sentence was "the product[] of conscientious deliberation." See United States v. Campbell, 491 F.3d 1306, 1316 (11th Cir. 2007).

## III. CONCLUSION

Billups appealed the sentence imposed by the district court, arguing that (1) the court erred in failing to give notice before imposing an above-guidelines sentence, and (2) the court failed to provide an adequate statement of reasons for the sentence imposed. Having carefully reviewed the record, we discern no error in Billups's sentence. Accordingly, his sentence is **AFFIRMED.**